# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KEITH H. DEBUS, <br><br> Movant, <br><br> vs. <br><br> COMMODITIES FUTURES TRADING COMMISSION, <br><br> Respondent. | Case No. 2:08 mc 109 <br><br> **REPORT AND RECOMMENDATION** <br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

Pursuant to 28 U.S.C. § 636(b)(1)(B) Judge Kimball referred this case for consideration. Before the court is Debus' Motion to Quash Subpoena.[1] Respondent, Commodity Futures Trading Commission (CFTC), issued a subpoena to JP Morgan Bank and Affiliates seeking financial information regarding Mr. Debus and Drexel Financial Group.[2] Debus opposes the subpoena arguing it fails to comply with the Right to Financial Privacy Act of 1978 by its lack of specificity.[3] Debus further argues the CFTC has "failed to show any compelling law enforcement need for the records requested and such records are not relevant to the investigation conducted by the [CFTC]."[4] The court finds Debus' arguments lack merit and recommends the Motion to Quash Subpoena be DENIED.

---

[1] Docket no. 1.
[2] *See* Mtn. to Quash ex. A.
[3] *See* Mtn. to Quash.
[4] *Id.*

The Right to Financial Privacy Act, 12 U.S.C. §§ 3401-22 (1994) (RFPA), "prohibits a financial institution from disclosing a customer's financial records . . . to a governmental authority 'unless either the customer authorizes the disclosure of such information or the government obtains a valid subpoena or warrant."[5] Pursuant to RFPA "Within ten days of service or within fourteen days of mailing of a [subpoena], summons, or formal written request, a customer may file a motion to quash an administrative summons or judicial [subpoena] . . . ."[6] If such a motion is filed it

> shall contain an affidavit or sworn statement –
> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and
> (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.[7]

If a customer fails to comply with these requirements the Government does not need to file a response.[8] And, "The legislative history and 12 U.S.C. § 3410(a) suggest that this lack of compliance is a sufficient basis for the Court to deny the . . . motion to quash."[9]

---

[5] *Neece v. IRS*, 96 F.3d 460, 462 (10th Cir. 1996) (quoting *United States v. Frazin*, 780 F.2d 1461, 1465 (9th Cir. 1986)).
[6] 28 U.S.C. 3410(a).
[7] *Id.* at 3410(a)(1)-(2).
[8] *See id.* at 3410 (b).
[9] *Donovan v. U.A. Local 38 Plumbers and Pipe Trades Pension Fund*, 569 F.Supp. 1488, 1490 (N.D.Cal. 1983); *see also Mackey v. U.S. SEC*, 1997 SK 114801*2 (D.Conn. 1997) ("The factual bases on which the movants rely in support of [their challenge to the subpoenas] does not satisfy their burden of establishing a *prima facie* case that government access to their financial records would be improper."); *Panaro v. SEC*, 1987 WL 18951 (E.D.N.Y. 1987) ("The lack of factual support for movants' challenges to the subpoenas is a 'sufficient basis to deny a motion

Here, Debus has failed to file an affidavit or sworn statement supporting his arguments and the time to do so has passed. Accordingly, the court finds Debus has failed to comply with the requirements set out in 12 U.S.C. § 3410(a). Additionally, there is no evidence in the record suggesting that the subpoenas were issued for an improper or invalid law enforcement purpose.

Accordingly, the court recommends that Debus' Motion to Quash Subpoena be DENIED.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 12th day of March, 2008.

_____
Brooke C. Wells
United States Magistrate Judge

---

to quash.'") (quoting *Donovan*, 569 F.Supp. at 1490).